UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DON M. ANDREW JR.**                                    **CIVIL ACTION**

**VERSUS**                                               **NO.   15-2103**

**ST. TAMMANY PARISH
PRISON, ET AL**                                          **SECTION "G" (4)**

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C.§ 636(b)(1)(B) and(C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and(2)**.  The Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.      Factual Summary**

The plaintiff, Don M. Andrew Jr. ("Andrew"), is presently incarcerated in the Federal Correctional Institution, Oakdale in Oakdale, Louisiana. R. Doc. 7.[1]  He filed this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983 against St. Tammany Parish Prison, Officer Ty Poynter, and Sergeant Cassidy.[2]  Andrew alleges that, on September 22, 2014, Warden Longino gave a direct order to another deputy to have Andrew pack his belongings for his father to pick up before he was transferred to another prison.  Deputy Poynter, however, would not allow him to pack his items, as a result he was transferred to the other prison before his items were packed.  Andrew complained to Ty Poynter's superior, Sergeant Cassidy, and he indicated that he

---

[1]The alleged incidents occurred at Federal Correctional Institution, Pollock in Pollock, Louisiana.

[2]Sergeant Cassidy's first name is not stated in the complaint.

would address the matter when he had time. As a result, he seeks compensation for all of his items and paperwork.

## II.     Standard of Review

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.  The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* F.3d 114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).  A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations.  *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations.  *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

## III.    Claims Against Sergeant Cassidy

Andrew named Sergeant Cassidy as a defendant and contends that Officer Poynter refused to let him pack.  He complained to Sgt. Cassidy because he was Officer Poynter's supervisor.  He

does not set forth allegations indicating what Cassidy did wrong or how what he did resulted in Andrew's items and paperwork not being transferred to the other jail.  Under a broad reading of the complaint, however, Andrew has included Sergeant Cassidy as a defendant because of his supervisory authority over Officer Poynter.

Nevertheless, a supervisory official cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights.  *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979).  Moreover, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation."  *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120 (5th Cir. 1980).

The plaintiff has not alleged that Sergeant Cassidy was personally involved in the seizure of his property.  The claims against Sergeant Cassidy are therefore legally frivolous.

## IV.    Claims Against Officer Poynter

Andrew alleges that his paperwork, letters, and pictures were improperly seized by Officer Poynter.  His claim, however, is not cognizable under Title 42 U.S.C. § 1983 for the following reasons.

The United States Supreme Court has held that when the taking of property is unintentional, the Due Process Clause is not involved so long as there is a meaningful post-deprivation remedy.

*Parratt v. Taylor*, 451 U.S. 527 (1981).[1]  The Supreme Court reasoned in *Parratt* that, where a property loss is caused by a random and unauthorized act of an official, rather than by standard state procedure, the state cannot predict when such a loss will occur.  The Court further observed:

> It is difficult to conceive of how the State could provide a meaningful hearing before the deprivation takes place.  The loss of property, although attributable to the State as action under 'color of law,' is in almost all cases beyond the control of the State.  Indeed, in most cases it is not only impracticable, but impossible, to provide a meaningful hearing before the deprivation.

*Parratt*, 451 U.S. at 541.

In *Hudson v. Palmer*, 468 U.S. 517 (1984), the issue facing the Supreme Court was "whether [its] decision in *Parratt v. Taylor* should extend . . . to intentional deprivations of property by state employees acting under color of state law."  *Hudson*, 468 U.S. at 531 (footnote omitted).  The Supreme Court answered this question in the affirmative, reasoning as follows:

> The underlying rationale of *Parratt* is that when deprivations of property are effected through random and unauthorized conduct of a state employee, pre-deprivation procedures are simply 'impracticable' since the state cannot know when such deprivations will occur.  We can discern no logical distinction between negligent and intentional deprivations of property insofar as the 'practicability' of affording pre-deprivation process is concerned.  The state can no more anticipate and control in advance the random and unauthorized intentional conduct of its employees than it can anticipate similar negligent conduct.  Arguably, intentional acts are even more difficult to anticipate because one bent on intentionally depriving a person of his property might well take affirmative steps to avoid signaling his intent.

*Hudson*, 468 U.S. at 533.

The reasoning set forth in *Parratt* and *Hudson* is applicable to the instant case.  Andrews alleges that Officer Poynter wrongfully and illegally seized his property.  Such an action, whether

---

[1] *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986); *see also Arnaud v. Odom*, 870 F.2d 304, 308 (5th Cir.), *cert. denied, sub nom*, 493 U.S. 855 (1989).

random or intentional, is the same as that contemplated in *Parratt* and *Hudson*. *See Copsey v. Swearingen*, 36 F.3d 1336, 1342 (5th Cir. 1994); *Augustine v. Doe*, 740 F.2d 322, 328 (5th Cir. 1984). Under the circumstances presented by Andrew, it was not practicable for the state to provide him with a pre-deprivation hearing before his property was seized.

Further, state tort law provides an adequate post-deprivation remedy for Andrew to pursue. Pursuant to Louisiana Civil Code Art. 2315 the plaintiff has the right to sue any person in state court whom he believes has caused him damage as a result of the loss of his property.[2] This is an adequate state post-deprivation remedy which prevents Andrew from pursuing his claims under § 1983. *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984) (finding that LA. CIV. CODE art. 2315 is an adequate state remedy to redress loss of prisoner's property); *Harrell v. Matthews*, 1994 WL 449451, at *1 (E.D. La. 1994) (same). Andrew therefore has no legal basis for seeking relief under § 1983 and his claim should be dismissed as legally frivolous.

## V.     St. Tammany Parish Prison

Andrew has named the St. Tammany Parish Prison as a defendant. A prison is not an entity that can be sued under § 1983 and the claims against this defendant are frivolous.

To recover under § 1983, a plaintiff must identify both the constitutional violation and the responsible <u>person</u> acting under color of state law. *See Flagg Bros*., *Inc. v. Brooks*, 436 U.S. 149, 156 (1978); *Polk County v. Dodson,* 454 U.S. 312 (1981). However, the St. Tammany Parish Prison is not a person for purposes of suit under § 1983. *See* 42 U.S.C. § 1983 (2006); *see Will v. Mich. Dep't of St. Police*, 491 U.S. 58 (1989). Under federal law, a county (or parish) prison

---

[2]La. Civ. Code Art. 2315 provides in relevant part that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."

5

facility is not a "person" subject to suit. *Cullen v. DuPage County*, No. 99C1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester County Corr. Facility Admin.*, No. 97CIV0420(SS), 1997 WL 659100, at *6 (S.D.N.Y. Oct. 22, 1997); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *Hancock v. Washtenaw County Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982). There is no law, constitutional, statutory, or otherwise, that defines a parish jail or any unit or department therein to be a person with the capacity to sue or to be sued. A parish jail is, as this Court has previously described, "not an entity, but a building." *See Jones v. St. Tammany Parish Jail,* 4 F. Supp. 2d 606, 613 (E.D. La. 1998) (dismissing St. Tammany Parish Jail with prejudice); *Jeffries v. St. Bernard Parish Sheriff's Dep't*, No. 12-1063, 2013 WL 6044365 at *4 (E.D. La. Nov.13, 2013) (Order adopting Report and Recommendation); *Bland v. Terrebonne Parish Crim. Just. Complex*, No. 09-4407, 2009 WL 3486449, at *3 (E.D. La. Oct.23, 2009) (Order adopting Report and Recommendation).

Andrew's claims against the St. Tammany Parish Prison must be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted in accordance with 28 U.S.C. § 1915(e) and § 1915A.

## VI. Recommendation

It is therefore **RECOMMENDED** that Andrew's § 1983 claims against the St. Tammany Parish Prison, Sergeant Cassidy and Officer Poynter be **DISMISSED WITH PREJUDICE** as frivolous pursuant to Title 28 U.S.C. § 1915(e) and § 1915A.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the

district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 17th day of May, 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**